June 28, 2007

The Honorable Robin N. Piper
Butler County Prosecuting Attorney
Government Services Center, 11th Floor
P.O. Box 515
315 High Street
Hamilton, Ohio 45012-0515

SYLLABUS:                                              2007-018

1.  Under R.C. 311.07(A) and R.C. 311.08(A), a county sheriff may arrest and detain an alien without a warrant when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law. A county sheriff may not, however, arrest and detain an alien for a violation of a civil provision of federal immigration law. (1928 Op. Att'y Gen. No. 3079, vol. IV, p. 2947, syllabus, paragraph three, overruled in part.)

2.  R.C. 341.21(A) does not authorize a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by the United States Immigration and Customs Enforcement Office for deportation purposes when the aliens have not been charged with, or convicted of, a crime by the United States.

3.  Under 8 C.F.R. § 287.7(d), a county sheriff may detain an alien on the basis of a detainer issued by the United States Immigration and Customs Enforcement Office for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by federal immigration officials even though Ohio law otherwise would require that the alien be released from custody.



STATE OF OHIO
OFFICE OF THE ATTORNEY GENERAL

MARC DANN, ATTORNEY GENERAL

Opinions Section
30 E. Broad St., 15th Floor
Columbus, OH 43215-3400
Telephone: (614) 752-6417
Facsimile: (614) 466-0013
www.ag.state.oh.us

June 28, 2007

OPINION NO. 2007-018

The Honorable Robin N. Piper
Butler County Prosecuting Attorney
Government Services Center, 11th Floor
P.O. Box 515
315 High Street
Hamilton, Ohio 45012-0515

Dear Prosecutor Piper:

    You have requested an opinion concerning the authority of a county sheriff to arrest and detain aliens suspected of violating a criminal provision of federal immigration law and detain an alien on the basis of a civil detainer.[1] Specifically, you ask the following questions:

---

    [1] The United States Congress holds a plenary and exclusive power to regulate immigration. *See generally* U.S. Const. art. I, § 8, cl. 4 (the United States Congress may "establish an uniform Rule of Naturalization"); *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n.21 (1976) ("the authority to control immigration is ... vested solely in the Federal Government, rather than the States"); *De Canas v. Bica*, 424 U.S. 351, 354 (1976) (the "[p]ower to regulate immigration is unquestionably exclusively a federal power"). Under 8 U.S.C. §§ 1101, *et seq.*, which are referred to as the Immigration and Nationality Act, the United States Congress has enacted "a comprehensive legislative plan for the nation-wide control and regulation of immigration and naturalization." *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 419 (1948).

    When examining this plan it is crucial to distinguish between civil and criminal violations of federal immigration law since the United States Congress has provided different methods by which state and local law enforcement agencies may enforce the civil and criminal provisions of that law. For instance, civil violations are handled by administrative process, *see* 8 U.S.C. § 1227; 8 U.S.C. § 1253(c); 8 U.S.C. § 1324d, while criminal violations are prosecuted in the

1. May a county sheriff arrest and detain an alien without a warrant when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law?

2. If a county sheriff does not have the authority to arrest and detain illegal aliens without a warrant for possible criminal violations of federal immigration law, may the sheriff enter into an agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) whereby the sheriff performs the functions of a federal immigration officer in relation to the investigation, apprehension, and detention of illegal aliens in the United States?

3. If a county sheriff does not have the authority to arrest and detain illegal aliens without a warrant for possible criminal violations of federal immigration law, may a board of county commissioners enter into an agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) whereby the county sheriff performs the functions of a federal immigration officer in relation to the investigation, apprehension, and detention of illegal aliens in the United States?

4. Does R.C. 341.21(A) authorize a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by the United States Immigration and Customs Enforcement Office for deportation purposes when the aliens have not been charged with a crime by the United States?

5. May a county sheriff detain an alien on the basis of a detainer issued by the United States Immigration and Customs Enforcement Office when Ohio law requires the alien be released from custody?

6. If a county sheriff lacks the authority under state law to detain aliens on the basis of a detainer issued by the United States Immigration and Customs Enforcement Office, may the sheriff or the board of county commissioners enter into an agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) whereby the sheriff performs the functions of a federal immigration officer in relation to the investigation, apprehension, and detention of illegal aliens in the United States?

On the basis of the analysis set forth in this opinion, we conclude that, under R.C. 311.07(A) and R.C. 311.08(A), a county sheriff may arrest and detain an alien without a warrant

---

federal courts, see 8 U.S.C. § 1253(a), (b); 8 U.S.C. § 1324; 8 U.S.C. § 1325(a), (c); 8 U.S.C. § 1326.

when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law. A county sheriff may not, however, arrest and detain an alien for a violation of a civil provision of federal immigration law. We conclude, further, that R.C. 341.21(A) does not authorize a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by the United States Immigration and Customs Enforcement Office (USICEO) for deportation purposes when the aliens have not been charged with, or convicted of, a crime by the United States. Finally, we conclude that, under 8 C.F.R. § 287.7(d), a county sheriff may detain an alien on the basis of a detainer issued by USICEO for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by federal immigration officials even though Ohio law otherwise would require that the alien be released from custody.

### Federal Immigration Law

Title 8 of the United States Code sets forth a comprehensive scheme governing the immigration of aliens[2] to the United States. This title establishes procedures for granting immigrant status, admission qualifications for aliens, procedures for detaining, deporting, and removing aliens, and the manner in which aliens may become naturalized citizens of the United States. The provisions of this title are enforced by the Attorney General of the United States. *See, e.g.,* 8 U.S.C. § 1226; 8 U.S.C. § 1231; 8 U.S.C. § 1357. In performing this function, the Attorney General of the United States cooperates with, and is aided by, state and local law enforcement officials. *See* 8 U.S.C. § 1252c; 8 U.S.C. § 1324(c); 8 U.S.C. § 1357(g). *See generally United States v. Vasquez-Alvarez*, 176 F.3d 1294, 1300 (10th Cir. 1999) (various federal statutes evince "a clear invitation from Congress for state and local agencies to participate in the process of enforcing federal immigration laws").[3]

### Authority of a County Sheriff to Arrest and Detain Aliens Without a Warrant for Criminal Violations of Federal Immigration Law

Let us now consider your first question, which asks whether a county sheriff may arrest and detain an alien without a warrant when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law. No federal law prohibits a county sheriff from enforcing the criminal provisions of federal immigration law. *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. 895, 903 (N.D. Ohio 1997); *see Gonzales v. City of Peoria*, 722 F.2d 468, 475 (9th Cir. 1983) (federal law does not preclude local enforcement of the criminal provisions of federal immigration law), *overruled in part on*

---

[2] The term "alien," as used in this opinion, means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

[3] In *United States v. Vasquez-Alvarez*, 176 F.3d 1294 (10th Cir. 1999), the court determined that 8 U.S.C. § 1252c does not preempt preexisting state law empowering state and local law enforcement officers to arrest for criminal violations of federal immigration law.

*other grounds by Hodgers-Durgin v. De La Vina*, 199 F.3d 1037 (9th Cir. 1999); *see also United States v. Vasquez-Alvarez*, 176 F.3d at 1296 ("state law-enforcement officers have the general authority to investigate and make arrests for violations of federal immigration laws"). *See generally United States v. Swarovski*, 557 F.2d 40, 43-49 (2nd Cir. 1977) (noting generally that there is no overarching federal impediment to arrests by state officers for violations of federal law).

In fact, federal immigration law "leaves open the possibility of local and state assistance in the enforcement of federal immigration laws." *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 903; *see* 8 U.S.C. § 1252c(a) ("[n]otwithstanding any other provision of law, *to the extent permitted by relevant State and local law, State and local law enforcement officials are authorized to arrest and detain an individual who*—(1) is an alien illegally present in the United States; and (2) has previously been convicted of a felony in the United States and deported or left the United States after such conviction, but only after the State or local law enforcement officials obtain appropriate confirmation from the Service of the status of such individual and only for such period of time as may be required for the Service to take the individual into Federal custody for purposes of deporting or removing the alien from the United States" (emphasis added)); 8 U.S.C. § 1324(c) ("[n]o officer or person shall have authority to make any arrest for a violation of any provision of this section except officers and employees of the Service designated by the Attorney General, either individually or as a member of a class, and *all other officers whose duty it is to enforce criminal laws*" (emphasis added)).

We must, therefore, determine whether state law affirmatively authorizes a county sheriff to enforce the criminal provisions of federal immigration law. *See generally Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 903 (any law enforcement officer who has a duty to enforce criminal laws may enforce the criminal prohibitions of federal immigration law); *United States v. Laub Baking Co.*, 283 F. Supp. 217, 220 (N.D. Ohio 1968) (a county sheriff, as a creature of statute, has only those powers expressly provided by statute or as may exist by necessary implication). *See generally also United States v. Vasquez-Alvarez*, 176 F.3d at 1300 (the purpose of 8 U.S.C. § 1252c is "to displace perceived Federal limitations on the authority of state and local officers to arrest 'criminally illegal aliens'").

The general powers and duties of a county sheriff are set out in R.C. 311.07 and R.C. 311.08. Under these statutes, the county sheriff is made the chief law enforcement officer in the county. *In re Sulzmann*, 125 Ohio St. 594, 597, 183 N.E. 531 (1932). In this capacity, a sheriff is required to do the following:

> Each sheriff shall preserve the public peace and cause all persons guilty of any breach of the peace, within the sheriff's knowledge or view, to enter into recognizance with sureties to keep the peace and to appear at the succeeding term of the court of common pleas, and the sheriff shall commit such persons to jail in case they refuse to do so.

R.C. 311.07(A).

In addition, R.C. 311.08(A) requires a county sheriff to "exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law." Under the common law, "[i]t is the duty of the sheriff ... [t]o preserve the peace in his bailiwick or county. To this end he is the first man within the county, and it is incident to his office that he apprehend and commit to prison all persons who break or attempt to break the peace." *State ex rel. McLain*, 58 Ohio St. 313, 320, 50 N.E. 907 (1898); *accord United States v. Laub Baking Co.*, 283 F. Supp. at 220. R.C. 311.07(A) and R.C. 311.08(A) thus require a county sheriff to preserve the public peace within the county by arresting and detaining persons who are guilty of any breach of the peace.

The term "peace" is not defined for purposes of R.C. 311.07 or R.C. 311.08. This term, therefore, is accorded its common, ordinary meaning. R.C. 1.42. *Black's Law Dictionary* 1166 (8th ed. 2004) defines "peace" as "[a] state of public tranquility; freedom from civil disturbance or hostility." *Accord City of Wellsville v. O'Connor*, 1 Ohio C.C. (n.s.) 253, 256, 14 Ohio Cir. Dec. 689 (Cir. Ct. Columbiana County 1903). Moreover, the Ohio Supreme Court has held that the General Assembly deems the commission of a criminal offense a breach of the peace inasmuch as a violation of the criminal laws disturbs the tranquility and dignity of the state. As explained in *City of Akron v. Mingo*, 169 Ohio St. 511, 515-16, 160 N.E.2d 225 (1959), which interpreted the exceptions to immunity from arrest conferred under R.C. 2331.11-.14:

> The statute itself (Section 2331.13) limits the immunity so that it shall "not extend to cases of treason, felony, or breach of the peace." What then is meant by breach of the peace? Does it include all criminal offenses?
> It is quite pertinent that the statutes of Ohio, in Section 2941.06, Revised Code,[4] provide the form to be used for either indictment or information, which would include all felonies and misdemeanors presented by a grand jury, and contain the words, "contrary to the form of the statute in such case made and provided, and against the *peace and dignity* of the state of Ohio."
> *It is obvious that, by adoption of this form, the General Assembly considered all criminal offenses to be against the peace and dignity of the state of Ohio or a breach of the peace.* (Footnote and emphasis added.)

---

[4] R.C. 2941.06 states, in part:

> The jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that A.B., on the ... day of ..., at the county of ... aforesaid, did ... (here insert the name of the offense if it has one, such as murder, arson, or the like, or if a misdemeanor having no general name, insert a brief description of it as given by law) contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

*See generally Williamson v. United States*, 207 U.S. 425 (1908) (the phrase "breach of the peace" includes all crimes and misdemeanors of every character).

Insofar as the language of R.C. 2941.06 is substantially the same as when the Ohio Supreme Court decided *Mingo*, the court's reasoning remains persuasive. Accordingly, a county sheriff's duty to preserve the public peace includes the concomitant authority to arrest and detain without a warrant any person who commits a criminal offense.

An alien who violates certain provisions of federal immigration law may be subject to criminal prosecution.[5] For example, under 8 U.S.C. § 1304(e), failure to carry a certificate of alien registration or alien registration receipt card may subject an alien to criminal sanctions. 8 U.S.C. § 1306 also authorizes criminal penalties for aliens who fail to register and be fingerprinted, notify the Attorney General of a change in address, make fraudulent statements on an application for registration, or counterfeit any information contained on a certificate of alien registration or alien registration receipt card. In addition, 8 U.S.C. § 1325 authorizes the imposition of criminal penalties when an alien has entered or attempted to enter the United States at any time or place other than as designated by immigration officials, eluded examination or inspection by immigration officials, or attempted to enter or obtained entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, while 8 U.S.C. § 1326 makes it a criminal violation for an alien who is under an outstanding order of exclusion, deportation, or removal to reenter the United States.

Because certain provisions of federal immigration law constitute the commission of a criminal offense when violated, violations of these provisions are breaches of the public peace for purposes of R.C. 311.07(A) and R.C. 311.08(A). Therefore, under R.C. 311.07(A) and R.C. 311.08(A), a county sheriff may arrest and detain an alien without a warrant when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law.[6] *See Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 903 (Ohio State Highway Patrol troopers "are authorized by Ohio law to enforce the criminal provisions of federal immigration law"). *See generally Gonzales v. City of Peoria*, 722 F.2d at 477 ("Arizona law authorizes local officers to arrest for violations of 8 U.S.C. § 1325 where there is probable cause to believe the arrestee has illegally entered the United States"). A county

---

[5] Illegal presence in the United States is a civil, not a criminal, violation of federal immigration law. *See* 8 U.S.C. § 1227(a)(1)(B).

[6] The third syllabus paragraph of 1928 Op. Att'y Gen. No. 3079, vol. IV, p. 2947 concluded, in part, that, "[t]here is no authority for a county sheriff to detain persons on suspicion of their having committed offenses punishable by Federal Law." This opinion did not, however, consider the language of G.C. 2833 (now R.C. 311.07) or G.C. 2834 (now R.C. 311.08). In light of this fact, we overrule 1928 Op. Att'y Gen. No. 3079, vol. IV, p. 2947 to the extent it is inconsistent with the conclusions reached in this opinion.

sheriff may not, however, arrest and detain an alien for a violation of a civil provision of federal immigration law.

When a county sheriff arrests and detains an alien without a warrant for a possible criminal violation of federal immigration law, the sheriff must comply with all applicable state, federal, or international laws to protect the rights of the alien.[7] *See generally Gonzales v. City of Peoria*, 722 F.2d at 477 ("arrests for federal offenses can be justified by state law authorization only if the arrest procedures do not violate the federal Constitution"); *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 900 (the Fourth Amendment to the United States Constitution "applies to citizens and aliens alike"). This includes, but is not limited to, having reasonable suspicion of criminal activity before interfering with the privacy and personal security of an alien and establishing probable cause before arresting an alien for a criminal violation of federal immigration law.

Under the Fourth Amendment to the United States Constitution, aliens have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The language of this amendment prevents "arbitrary and oppressive interference by [law] enforcement officials with the privacy and personal security of [aliens]." *United States v. Martinez-Fuerte*, 428 U.S. 543, 554 (1976). Thus, the language of the Fourth Amendment to the United States Constitution requires a county sheriff to have a reasonable and articulable suspicion of criminal activity before briefly detaining an alien to investigate suspicious circumstances. *United States v. Campbell*, 2007 U.S. App. LEXIS 12097, at *10-12 (6th Cir. May 24, 2007); *Rothhaupt v. Maiden*, 144 Fed. App'x. 465, 469, 2005 U.S. App. LEXIS 14942 (6th Cir. 2005); *United States v. Bentley*, 29 F.3d 1073, 1075 (6th Cir. 1994).

This means, *inter alia*, that a county sheriff may not detain an alien based solely on the alien's race or ethnicity. *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 901. *See generally United States v. Avery*, 137 F.3d 343, 354 (6th Cir. 1997) (the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution[8] "prohibits agents from engaging in investigative surveillance of an individual based solely on impermissible factors such as race"). Instead, a county sheriff must have "particularized

---

[7] A county sheriff who violates the rights of an alien may subject the county to liability under 42 U.S.C. § 1983. *See, e.g., City of Canton v. Harris*, 489 U.S. 378 (1989) (a city may be held liable for inadequate police training if failure to train amounts to deliberate indifference to rights of persons with whom police come into contact). An alien who prevails in an action under 42 U.S.C. § 1983 may be allowed "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

[8] The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution declares that, "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws."

suspicion" of criminal activity before he detains and questions an alien. *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. at 901.

In addition, the intrusiveness and duration of a detention by a county sheriff must bear a reasonable relation to either the initial purpose for the detention or other circumstances that come lawfully to the sheriff's attention during the detention. *Id.* at 903-04. Once the investigatory activities incident to a detention have been completed, any further detention of an alien that is motivated by a desire, based on race or ethnicity, to question the alien about his immigration status is unlawful under the Equal Protection Clause. *Id.* at 904 n.4. Accordingly, once justification for a county sheriff to initially detain an alien expires, the sheriff may not further detain the alien unless something that occurred during the detention generated the necessary reasonable suspicion to justify that detention.

A county sheriff also may not effect a warrantless arrest of an alien for a criminal violation of federal immigration law unless he has probable cause to make the arrest. *United States v. Campbell*, 2007 U.S. App. LEXIS 12097, at *22; *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1508 (6th Cir. 1988). Probable cause to arrest is present when "at that moment the facts and circumstances within [the sheriff's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [alien] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord United States v. Campbell*, 2007 U.S. App. LEXIS 12097, at *12. In *United States v. Sangineto-Miranda*, 859 F.2d at 1508, the court explains what is meant by "probable cause":

> A warrantless arrest is justified if, at the time of the defendant's arrest, police officers have probable cause to believe that an offense has been, is being, or will be committed. Probable cause exists where the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." The probable cause requirement does "not demand any showing that such a belief is correct or more likely true than false."
> Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." (Citations omitted.)

*Accord United States v. Campbell*, 2007 U.S. App. LEXIS 12097, at *20; *United States v. Chapel*, 1997 U.S. App. LEXIS 7302, at *7-8 (6th Cir. Apr. 11, 1997).

Thus, in order to establish probable cause to arrest an alien for a criminal violation of federal immigration law, circumstances must exist that would cause a reasonable person to believe that a crime has been committed.

In addition to observing the constitutional and statutory rights of an alien, it is imperative that a county sheriff immediately contact federal immigration officials for instructions concerning the continued detention by the sheriff of an alien who is detained for a possible

criminal violation of federal immigration law and, if required, the making of arrangements for the transfer of custody to federal immigration officials. *See generally* 8 U.S.C. § 1252c(a) ("[n]otwithstanding any other provision of law, to the extent permitted by relevant State and local law, State and local law enforcement officials are authorized to arrest and detain an individual who—(1) is an alien illegally present in the United States; and (2) has previously been convicted of a felony in the United States and deported or left the United States after such conviction, *but only after the State or local law enforcement officials obtain appropriate confirmation from the Service of the status of such individual and only for such period of time as may be required for the Service to take the individual into Federal custody for purposes of deporting or removing the alien from the United States*" (emphasis added)); 8 U.S.C. § 1357(g)(10)(B) (nothing in 8 U.S.C. § 1357(g), which authorizes the Attorney General of the United States and a political subdivision of a state to enter into an agreement to permit local officials to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens, "shall be construed to require an agreement under [8 U.S.C. § 1357(g)] in order for any officer or employee of a State or political subdivision of a State ... *to communicate with the Attorney General regarding the immigration status of any individual, including reporting knowledge that a particular alien is not lawfully present in the United States*" (emphasis added)).

> **Authority of a County Sheriff and a Board of County Commissioners to Enter into an Agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) to Authorize the Sheriff to Arrest and Detain Aliens**

Your second and third questions ask, if a county sheriff does not have the authority to arrest and detain illegal aliens without a warrant for possible criminal violations of federal immigration law, may the sheriff or the board of county commissioners enter into an agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) whereby the sheriff performs the functions of a federal immigration officer in relation to the investigation, apprehension, and detention of illegal aliens in the United States. Because we have concluded that R.C. 311.07(A) and R.C. 311.08(A) authorize a county sheriff to arrest and detain an alien when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law, it is unnecessary for us to answer your second and third questions. *See generally* 8 U.S.C. § 1357(g)(10)(B) (nothing in 8 U.S.C. § 1357(g), which authorizes the Attorney General of the United States and a political subdivision of a state to enter into an agreement to permit local officials to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens, "shall be construed to require an agreement under [8 U.S.C. § 1357(g)] in order for any officer or employee of a State or political subdivision of a State ... to cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States"); *United States v. Vasquez-Alvarez*, 176 F.3d at 1300 ("a formal agreement is not necessary for state and local officers 'to cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States'" (quoting 8 U.S.C. § 1357(g)(10)(B))).

Authority of a Board of County Commissioners to Direct the County Sheriff to Receive into His Custody Aliens Being Detained by USICEO

Your fourth question asks whether R.C. 341.21(A) authorizes a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by USICEO for deportation purposes when the aliens have not been charged with a crime by the United States. R.C. 341.21(A) provides, in part:

> The board of county commissioners may direct the sheriff to receive into custody prisoners *charged with or convicted of crime by the United States*, and to keep those prisoners until discharged.
> The board of the county in which prisoners charged with or convicted of crime by the United States may be so committed may negotiate and conclude any contracts with the United States for the use of the jail as provided by this section and as the board sees fit. (Emphasis added.)

The plain language of R.C. 341.21(A) is limited to situations in which a prisoner has been "charged with or convicted of crime by the United States." *See* 1928 Op. Att'y Gen. No. 3079, vol. IV, p. 2947, at 2954 ("[b]y the terms of [G.C. 3179 (now R.C. 341.21)], a sheriff is not required to receive any Federal prisoners except those charged with or convicted of crime"). Because R.C. 341.21 expressly lists the situations in which a board of county commissioners may direct the county sheriff to receive federal prisoners into his custody, the board may not direct the sheriff to receive federal prisoners into his custody in other situations. *See generally State v. Droste*, 83 Ohio St. 3d 36, 39, 697 N.E.2d 620 (1998) (under the general rule of statutory construction *expressio unius est exclusio alterius*, the expression of one or more things implies the exclusion of those not identified); *Thomas v. Freeman*, 79 Ohio St. 3d 221, 224-25, 680 N.E.2d 997 (1997) (the rule of *expressio unius est exclusio alterius*, or the naming of a specific thing, implies the exclusion of those not named).

This means that a board of county commissioners may not direct the county sheriff to receive federal prisoners into his custody when the prisoners have not been charged with, or convicted of, a crime by the United States. Accordingly, R.C. 341.21(A) does not authorize a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by USICEO for deportation purposes when the aliens have not been charged with, or convicted of, a crime by the United States.

### Authority of a County Sheriff to Detain an Alien on a Federal Detainer When Ohio Law Otherwise Would Require that the Alien Be Released from Custody

Your fifth question asks whether a county sheriff may detain an alien on the basis of a detainer[9] issued by USICEO when Ohio law requires the alien be released from custody.[10] 8 C.F.R. § 287.7, which authorizes immigration officers of USICEO to issue detainers, provides, in part, as follows:

> (a)  *Detainers in general.*  Detainers are issued pursuant to sections 236 and 287 of the Act and this chapter 1. Any authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.
>
> ....
>
> (d)  *Temporary detention at Department request.*  Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the

---

[9] A detainer issued by the United States Immigration and Customs Enforcement Office (USICEO) notifies law enforcement agencies that USICEO seeks custody of an alien who is in the custody of a law enforcement agency. When a law enforcement agency receives such a detainer, the agency is authorized to retain custody of the alien while making arrangements to transfer custody to USICEO. 8 C.F.R. § 287.7. *See generally* Black's Law Dictionary 480 (8th ed. 2004) (a detainer is "[a] writ authorizing a prison official to continue holding a prisoner in custody"). *See generally also* 1993 Op. Att'y Gen. No. 93-080 at 2-398 n.1 ("[a] detainer is a notice to prison authorities that charges are pending against an inmate elsewhere, requesting the custodian to notify the sender before releasing the inmate").

[10] An alien may not be confined in a county jail unless the confinement is authorized by law. *See* 15 Ohio Admin. Code 5120:1-8-01(A)(1) and (3)(d); 15 Ohio Admin. Code 5120:1-10-01(A)(1) and (3)(d); 15 Ohio Admin. Code 5120:1-12-01(A)(1) and (3)(d); 2004 Op. Att'y Gen. No. 2004-024 at 2-211; *see also* R.C. 2935.16 ("[w]hen it comes to the attention of any judge or magistrate that a prisoner is being held in any jail or place of custody in his jurisdiction without commitment from a court or magistrate, he shall forthwith, by summary process, require the officer or person in charge of such jail or place of custody to disclose to such court or magistrate, in writing, whether or not he holds the person described or identified in the process and the court under whose process the prisoner is being held").

alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

*See also* 8 U.S.C. § 1357(d) (issuance of a detainer for an alien who violates a law relating to controlled substances).

A detainer issued under 8 C.F.R. § 287.7 advises law enforcement agencies that federal immigration officials seek the custody of the alien named in the detainer. In addition, under the federal rule, the custody of an alien may be transferred from a law enforcement agency to USICEO in the following instances. First, if a law enforcement agency receiving a detainer has custody of the alien named in the detainer, the detainer requests the agency to hold the alien "for the [USICEO] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." 8 C.F.R. § 287.7(a); *accord Escobar v. United States Dep't of Justice, Immigration and Naturalization Serv.*, Miscellaneous Action No. 05-0048, 2005 U.S. Dist. LEXIS 8140, at *2 n.2 (E.D. Pa. May 5, 2005). *See generally State of Ohio v. Sanchez*, 110 Ohio St. 3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶15 (2006) (8 C.F.R. § 287.7(a) "does not 'hold' the accused. Instead, it declares the government's intention to seek custody in the future and requests notification before the accused is released from his or her present confinement" so as to enable USICEO to assume custody of the accused upon his or her release).

Second, if a law enforcement agency receiving a detainer does not have custody of the alien named in the detainer when the detainer is issued, but later detains the alien,[11] the agency may "maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the [USICEO]." 8 C.F.R. § 287.7(d); *see Perez-Garcia v. Village of Mundelein*, Case No. 04 C 7216, 2005 U.S. Dist. LEXIS 7979, at *19 (N.D. Ill., Apr. 13, 2005) (indicating that when a local law enforcement agency does not have authority to detain an alien, 8 C.F.R. § 287.7(d) requires "a local law enforcement agency to maintain custody over an alien who is subject to a ... detainer for a period not exceeding 48 hours"); *Kendall v. Immigration & Naturalization Serv.*, 261 F. Supp. 2d 296, 301 n.2 (S.D. N.Y. 2003) (8 C.F.R. § 287.7(d) "applies only when an alien is not otherwise detained by a criminal justice agency").

Third, if a law enforcement agency receiving a detainer has custody of the alien named in the detainer, but the agency is required to release the alien because the alien, *inter alia*, finishes serving his term of imprisonment or makes bail, the agency may "maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the [USICEO]." 8 C.F.R. § 287.7(d); *see Royer v. Immigration and Naturalization Serv.*, 730 F. Supp 588, 591 (S.D. N.Y. 1990) (a detainer issued under 8

---

[11] As explained in the text earlier, a county sheriff must have reasonable suspicion of criminal activity before interfering with the privacy and personal security of an alien and establish probable cause before arresting an alien.

C.F.R. § 287.7 merely allows a state to lawfully continue to hold an alien for up to 48 hours following his scheduled release or parole to facilitate assumption of custody by federal immigration officials).

A detainer issued under 8 C.F.R. § 287.7(d) thus authorizes a county sheriff to continue holding an alien in his custody until the alien is transferred to the custody of USICEO when Ohio law otherwise would require that the alien be released from custody.[12] *See Perez-Garcia v. Village of Mundelein*, Case No. 04 C 7216, 2005 U.S. Dist. LEXIS 7979, at *19; *Kendall v. Immigration & Naturalization Serv.*, 261 F. Supp. 2d at 301 n.2; *Royer v. Immigration and Naturalization Serv.*, 730 F. Supp at 591; *see also Black's Law Dictionary* 480 (8th ed. 2004) (a detainer is "[a] writ authorizing a prison official to continue holding a prisoner in custody"). Therefore, under 8 C.F.R. § 287.7(d), a county sheriff may detain an alien on the basis of a detainer issued by USICEO for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by federal immigration officials even though Ohio law otherwise would require that the alien be released from custody.[13]

---

[12] For the purpose of this opinion, we employ the presumption that 8 C.F.R. § 287.7 is constitutional since no federal or state court has made a determination regarding the constitutionality of that rule. *See generally Fabrey v. McDonald Village Police Dep't*, 70 Ohio St. 3d 351, 352, 639 N.E.2d 31 (1994) ("[s]tatutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision"). Moreover, the power to determine the constitutionality of 8 C.F.R. § 287.7, either facially or as applied, rests in the judicial branch. *See generally Beagle v. Walden*, 78 Ohio St. 3d 59, 62, 676 N.E.2d 506 (1997) ("[i]nterpretation of the state and federal Constitutions is a role exclusive to the judicial branch"); *State ex rel. Davis v. Hildebrant*, 94 Ohio St. 154, 169, 114 N.E. 55 (1916) ("[t]he power of determining whether a law or constitutional provision is valid or otherwise is lodged solely in the judicial department. The construction of the laws and constitution is for the courts"), *aff'd*, 241 U.S. 565 (1916).

[13] R.C. 311.07(A) states that, "[t]he sheriff shall, except as provided in division (C) of this section, execute all warrants, writs, and other process directed to the sheriff by any proper and lawful authority of this state, and those issued by a proper and lawful authority of any other state." Similarly, R.C. 311.08(A) provides that, "[t]he sheriff shall, except as provided in division (B) of this section, execute every ... process directed to him by a proper and lawful authority of this state or issued by a proper and lawful authority of any other state." For purposes of R.C. 311.07(A) and R.C. 311.08(A), the term "state," as used in the phrase "any other state," includes writs and process directed to a county sheriff by the United States. *See* R.C. 1.59(G) ("[a]s used in any statute, unless another definition is provided in that statute or a related statute ... '[s]tate,' when applied to a part of the United States, includes any state, district, commonwealth, territory, insular possession thereof, and any area subject to the legislative authority of the United States of America. 'This state' or 'the state' means the state of Ohio");

Authority of a County Sheriff and a Board of County Commissioners to Enter into an Agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) to Authorize the Sheriff to Detain Aliens Pursuant to a Federal Detainer

Your final question asks, if a county sheriff may not detain an alien on the basis of a detainer issued by USICEO, may the sheriff or the board of county commissioners enter into an

---

*State ex rel. Pittsburgh & Conneaut Dock Co. v. Indus. Comm'n of Ohio*, 160 Ohio App. 3d 741, 2005-Ohio-2206, 828 N.E.2d 712, at ¶12 (2005) ("[a]pplying, as we must, the definition of 'state' found in R.C. 1.59, we find that the phrase 'laws of another state' includes laws of 'any area subject to the legislative authority of the United States of America,' including the United States itself").

The use of the word "shall" in R.C. 311.07(A) and R.C. 311.08(A) and the absence of language indicating that it should be construed as "may" indicates that, except as provided in R.C. 311.07(C) and R.C. 311.08(B), respectively, a county sheriff who receives a warrant, writ, or other process directed to him by a proper and lawful authority of the United States has a mandatory duty to execute that warrant, writ, or process. *See generally Dep't of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St. 3d 532, 534, 605 N.E.2d 368 (1992) ("[i]n statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage" (quoting *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St. 2d 102, 271 N.E.2d 834 (1971) (syllabus, paragraph one))).

Under R.C. 311.07(C) and R.C. 311.08(B), a county sheriff is not required to execute a warrant, writ, or other process directed to him by the United States, unless the warrant, writ, or process contains either of the following:

> (1)     A certification by the judge of the court that issued the process stating that the issuing court has jurisdiction to issue the process and that the documents being forwarded conform to the laws of the state in which the court is located;
> (2)     If the process is an initial summons to appear and defend issued after the filing of a complaint commencing an action, a certification by the clerk of the court that issued the process stating that the process was issued in conformance with the laws of the state in which the court is located.

A detainer issued by USICEO under 8 C.F.R. § 287.7 does not meet either of the conditions set forth in R.C. 311.07(C) or R.C. 311.08(B). Thus, a county sheriff may, but is not required to, detain an alien on the basis of a detainer issued by USICEO for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by federal immigration officials when Ohio law requires that the alien be released from custody.

agreement with the Attorney General of the United States under 8 U.S.C. § 1357(g) whereby the sheriff performs the functions of a federal immigration officer in relation to the investigation, apprehension, and detention of illegal aliens in the United States. Because we have concluded that a county sheriff may detain an alien on the basis of a detainer issued by USICEO even though Ohio law otherwise would require that the alien be released from custody, it is not necessary for us to answer your final question.

### Conclusions

In sum, it is my opinion, and you are hereby advised as follows:

1. Under R.C. 311.07(A) and R.C. 311.08(A), a county sheriff may arrest and detain an alien without a warrant when evidence establishes probable cause to believe that the alien has violated a criminal provision of federal immigration law. A county sheriff may not, however, arrest and detain an alien for a violation of a civil provision of federal immigration law. (1928 Op. Att'y Gen. No. 3079, vol. IV, p. 2947, syllabus, paragraph three, overruled in part.)

2. R.C. 341.21(A) does not authorize a board of county commissioners to direct the county sheriff to receive into his custody aliens who are being detained by the United States Immigration and Customs Enforcement Office for deportation purposes when the aliens have not been charged with, or convicted of, a crime by the United States.

3. Under 8 C.F.R. § 287.7(d), a county sheriff may detain an alien on the basis of a detainer issued by the United States Immigration and Customs Enforcement Office for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by federal immigration officials even though Ohio law otherwise would require that the alien be released from custody.

Respectfully,

MARC DANN
Attorney General