


# ROBIN N. PIPER
## BUTLER COUNTY PROSECUTING ATTORNEY
Government Services Center • 11th Floor
P.O. Box 515 • 315 High St. • Hamilton, OH 45012-0515
Phone 513-887-3474 • Fax 513-785-5206

July 18, 2007

Honorable Marc Dann
Attorney General of Ohio
State Office Tower
30 East Broad Street, 17th Floor
Columbus, OH 43215-3428

**RECEIVED**
JUL 2 7 2007
Attorney General of Ohio
Opinions Section

Re: Request for Follow-up Opinion regarding *2007 O.A.G. 018*

Dear Attorney General Dann:

Our office deeply appreciates the issuance of *2007 O.A.G. 018*, rendered in response to our earlier request for opinion. However, due to the wording of our previous request for opinion, some of our areas of concern were not addressed. The opinion you recently issued is extremely significant, and therefore we request you indulge us with a follow-up opinion on related subject matter. While we have found legal authority to support a County Sheriff's discretion to participate in a federally authorized immigration enforcement program, we failed to specifically address such in our previous request and need to do so at this time. While it appears that a County Sheriff has the authority to enter into Memorandums of Understanding with ICE[1] with respect to 8 U.S.C. § 1357(g), we request your opinion on the subject.

Pursuant to O.R.C. §311.07 a County Sheriff has the duty to "preserve the public peace". O.R.C. §311.07 delegates a broad responsibility to the Sheriff which is very inclusive in nature. O.R.C. §9.63 requires state and local employees including the Sheriff, to comply with any lawful request for assistance made by any federal authorities carrying out the provisions of immigration law. The Butler County Sheriff has again requested our advice and instruction as to the two purposed agreements with the Department of Homeland Security providing cooperation between the Sheriff and the U.S. Immigration and Customs Enforcement Office (referenced in our earlier March 2, 2007 Request for Opinion). The Sheriff intends to facilitate his responsibilities in preserving the public peace by assisting federal authorities in their similar mission by participating in the federal program established by 8 U.S.C. § 1357(g). Thus, we request your supplemental opinion.[2]

---

[1] United States Immigration and Customs Enforcement (ICE) is a component of the Department of Homeland Security (DHS).

[2] We note that not all states have the broad language ( preserve the public peace ) as does Ohio, such as the State of New York which has wording expressly narrow in scope. However, some states do have similar wording to Ohio's statute and have entered into §287(g) agreements such as Florida [§30.15(e)], Arizona [§11-441(A)(1)] and Alabama [15-6-1].

While most people would concur that any criminal activity constitutes a breach of the peace, case law does not limit a breach of the peace to criminal acts only. A breach of the peace is defined as a violation of public order or disturbance of public tranquility. "Peace" means "tranquility which is enjoyed by citizens of a community where good order reigns." *State v. Rothschild*, (1958)149 N.E.2d 57, 78 Ohio Law Abs. 292, 7 O. Jur.2d 855, Breach of the Peace, Section 1. The phrase "breach of peace" did not arise from criminal statutes but rather from common law carried over from early antiquity. *Youngstown v. Penza* (1972), 32 Ohio App.2d 110,111. The "breach of peace" being a common law generic term apparently includes all violations of public peace and order. *State v Scott* (1997), 123 Ohio App.3d 1331 indicates that a "breach of peace" is "a violation of public order" including "any violation of any law enacted to preserve peace and good order". While a "breach of the peace" may include a criminal act of violence, actual violence is not necessary for a violation of the public peace.

The United States Supreme Court has acknowledged that "peace" as generally used in the law is "tranquility enjoyed by citizens of a municipality or community where good order reigns among it's members, which is the natural right of all persons in political society." *State v. Edwards* (1961), 239 Sup.Ct. 339, 343-344, 123 S.E.2d 247,249. In short, a breach of the peace includes disruption to the tranquility or order of a community. The Sheriff's responsibilities require a degree of discretion since his mandate is not simply to address any *breaches* of the peace but rather to *preserve* the peace.[3]

The Constitution of the United States clearly delegates to Congress the authority to determine the immigration laws structuring an orderly migration and naturalization to our society. *United States Constitution, Article One, Section 8, Powers of Congress*. Pursuant to that authority, Congress has passed immigration laws for the purpose of preserving the public peace by prohibiting unregulated entry into the country. Immigration statutes are designed, among other things, to protect the public health *8 U.S.C. §1182(a)(1)*, insure that immigrants are not fleeing criminal prosecution 8 U.S.C. §1182(a)(2), protect the country against potential terrorism 8 U.S.C. §1182(a)(3) and control the burden upon society by insuring that immigrants have a means of support or employment 8 U.S.C. §1182(a)(4) and (5). The purposes generating our country's immigration policy clearly "preserve the peace" and the erosion of immigration laws undoubtedly lends a credible threat to that peace. In keeping with the Congressional duty to regulate immigration, Congress has legislated it's collective belief that we cannot live in an open border society while simultaneously maintaining the public order and tranquility.

It is clear that Congress has expressed it's intent to enlist the assistance of state and local law enforcement for the purposes of enforcing immigration policies, both criminal and civil in nature. As evidence of federal intent to enlist local assistance, we have reviewed the following:

1. Congress passed §287(g) of the Immigration and Nationality act, codified as 8 U.S.C. § 1357(g), which itself, directly expresses Congressional intent to enlist the aid and assistance of local law enforcement to perform the "function[s] of an immigration officer" under the direction and with the training of ICE.[4]

---

3     To "preserve the public peace" the county sheriff may enter upon private property for the purposes of extinguishing a potential ignition source or commandeer equipment or may order the evacuation of persons from a location removing those persons if they do not vacate voluntarily 87 O.A. G. 099, a county sheriff may declare a snow emergency and temporarily close roads 86 O.A. G. 023. Preserving the peace is not aimed exclusively at criminal activities.

4     Congress appropriated 5 million dollars in 2005 for states and localities who enter into such agreements. Congressional Research Service "Enforcing immigration Law: "The Role of State and Local Law Enforcement," updated October 13, 2005.

2. The Department of Justice and the Department of Homeland Security now lists "absconder" immigrants in NCIC for the purposes of gaining assistance from local law enforcement during routine traffic stops. These absconders, are persons who have disobeyed the orders of the immigration court for removal from the country. Many of those absconders are guilty of civil violations only, but it is clear that local law enforcement is expected to assist in the detention of such individuals for processing by ICE

3. In 1994, Congress created the Law Enforcement Support Center (LESC) in Williston, Vermont. LESC acts as support for local law enforcement assistance with immigration detentions, for the purpose of allowing ICE to make a decision as to whether or not such individuals should be subject to deportation.

4. ICE has established Quick Response Teams (QRTs) across the country for the purpose of working with state and local enforcement officers to take into custody and remove illegal aliens who have been arrested for violating state or local laws or who are found to be in the U.S. illegally.

5. The Congressional Research Service, Library of Congress published its report titled "Enforcing Immigration Law: The Role of State and local Law Enforcement", updated October 13, 2005, which states "Congress, through various amendments to the INA, has gradually broadened the authority for state and local law enforcement officials to enforce immigration law, and some recent statutes have begun to carve out possible state roles in the enforcement of civil matters." A copy of the report is provided for your convenience.

6. The same Congressional Research Service, further states that "The Immigration and Nationality ACT (INA) (8 U.S.C. §§1101 et seq.) currently provides limited avenues for state enforcement of both its civil and criminal provisions." Specifically, the report cites the role of local law enforcement as "identifying and detaining deportable aliens for purposes of removal." Clearly the legal research service for the Congress thinks that Congress has established a role for local law enforcement in the administration of civil immigration law.[5]

In addition to clear congressional intent to enlist the aid of local and state law enforcement, the Ohio legislature has expressed its intent to cooperate with the federal government in protecting our Country. O.R.C. §9.63(A), effective April 14, 2006, states that no state or local employee shall unreasonably fail to comply with any lawful request for assistance made by federal authorities, including federal immigration authorities. The Ohio legislature has recognized that maintaining an orderly immigration process facilitates a preservation of the peace and minimizes the potential for criminal and terrorist activity, and thus local law enforcement officers are required by Ohio law to reasonably cooperate in assisting federal authorities. ICE has requested the assistance of the Butler County Sheriff on the terms expressed in the attached memorandums of understanding.

The Sheriff recognizes that such enforcement efforts must be conducted in accordance with constitutional law and must not be race based. ICE recognizes those principals as well and in fact, the Memorandums of Understanding as presented by ICE reflect such concerns. It is for that reason that all parties intend to submit selected Butler County deputies to the training and

---

[5] Since publication of the document by the Congressional Research Service, "Enforcing Immigration Law: The Role of State and local Law Enforcement," in October 13, 2005, additional states have entered into agreements with ICE pursuant to 287(g) authority.

direction of ICE. We have reviewed *1997 O.A.G.046*, which discusses the inherent power of a law enforcement officer to do that which is reasonably necessary in his judgment to carry out the duties of his office. "[A]s a public officer charged with preserving the peace, the sheriff has additional implied powers under Ohio law. He possesses the authority to engage in activities which are reasonably necessary for the due and efficient exercise of the powers expressly granted to him". *1997 O.A.G. 046*. We believe that the Sheriff has the discretion to enter these agreements pursuant to O.R.C.§311.07 and O.R.C.§9.63, for the purposes of obtaining training from, and cooperation with, ICE. The Butler County Sheriff considers these agreements necessary to preserve the peace and facilitate the requests of ICE in a cooperative spirit.

We desire to provide our Sheriff with the best legal advice possible and in performing our services to him, we are requesting your opinion on the following questions:

1. Pursuant to the mandate of Ohio law that the Sheriff preserve the public peace while also reasonably responding to requests for assistance from representatives of ICE, does an Ohio Sheriff have the ability in the performance of his duties to enter into the attached Memorandums of Agreement (MOA) with ICE and/or the Department of Homeland Security?

2. Where law enforcement agencies in other states have entered into MOA's (such as those attached) in order to professionally assist in the implementation of immigration policies, and law enforcement agencies routinely assist one another, is there any legal authority which requires us to advise the Sheriff that he does not have the authority to enter into either of the two attached agreements with the purpose of preserving the peace while assisting ICE and DHS in facilitating immigration policies and providing homeland security?

Respectfully submitted,

Robin Piper